IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AGROCOOPERATIVE LTD, § § § Plaintiff, § § VS. § § SONANGOL SHIPPING ANGOLA § (LUANDA) LIMITADA, § § Defendant, § § AND § § SONANGOL OFFSHORE SERVICES § COMPANY, § § and § § SONANGOL INTERNATIONAL § PROCUREMENT INC. § § Garnishees. § | CIVIL ACTION _____ IN ADMIRALTY, Rule 9(h) |

**VERIFIED ORIGINAL COMPLAINT WITH REQUEST FOR**
**WRIT OF MARITIME GARNISHMENT**

Plaintiff Agrocooperative Ltd ("Agro") brings this action against Defendant Sonangol Shipping Angola (Luanda) Limitada ("Sonangol Shipping") *quasi in rem* and *in personam*, and states as follows:

**Jurisdiction and Venue**

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2279643-1

2. This complaint is further brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of contemplated London maritime arbitration proceedings pursuant to 9 U.S.C. § 8.

3. Venue is proper in this District because the Garnishees are located and can be found in this District. Defendant Sonangol Shipping is not found in this District within the meaning of Supplemental Rule B.

## The Parties

4. Agro, a Liberian company, is the owner of the vessel M/T KERALA (the "Vessel"), which Agro chartered to Sonangol Shipping pursuant to a Time Charter Party.

5. Sonangol Shipping has its principal place of business in Luanda, Angola.

6. Each of the Garnishees is, on information and belief, a subsidiary of the Sonangol Group and each has a registered agent for service of process in this District.

## Factual Background

7. Plaintiff incorporates the above paragraphs as if fully set forth herein.

8. On or about September 9, 2009, Agro and Sonangol Shipping entered into a Time Charter Party (the "2009 Time Charter"), pursuant to which Agro agreed to charter the Vessel to Sonangol Shipping from September 9, 2009 through December 15, 2009 with an optional extension through March 15, 2010.

9. The 2009 Time Charter was subsequently extended four additional times by mutual agreement between Agro and Sonangol Shipping, from March 15, 2010 through December 15, 2011.

2279643-1

10. Before the conclusion of the fourth extension to the 2009 Time Charter, the parties entered into a new Time Charter Party on October 21, 2011 (the "2011 Time Charter").

11. Sonangol Shipping redelivered the Vessel to Agro on November 15, 2011 and the 2011 Time Charter commenced on November 16, 2011 for a period of 12 months.

12. The 2011 Time Charter was subsequently extended five times by mutual agreement between Agro and Sonangol Shipping, from November 16, 2012 through February 15, 2014.

13. Sonangol Shipping failed to redeliver the Vessel to Agro on February 15, 2014 as it was contractually required to do, and therefore has breached the 2011 Time Charter.

14. The last charter hire payment by Sonangol Shipping to Agro was made on October 31, 2013 and covered the hire period of October 13, 2013 to November 12, 2013.

15. Sonangol Shipping has made no further charter hire payments to Agro as it was contractually required to do, and therefore has breached the 2011 Time Charter.

16. Agro is owed charter hire beginning from November 12, 2013 and continuing through the day Sonangol Shipping redelivers the Vessel to Agro.

17. Sonangol Shipping owes Agro charter hire totaling $3,723,000 through June 18, 2014, which amount increases at the contractual rate of $17,000 per day.

18. In addition to charter hire, the 2011 Time Charter imposed certain other obligations on Sonangol Shipping, including but not limited to (a) paying for security/watch and port facility costs; (b) ordering and paying for bunkers; (c) hiring and paying stevedores; and (d) reimbursing Agro for damage caused to the Vessel.

19. On information and belief, Sonangol has caused at least $5,850,000 in costs and expenses to accrue in violation of its contractual obligations as set out above.

2279643-1

**Count I: Breach of Contract**

20. Plaintiff incorporates the above paragraphs as if fully set forth herein.

21. Sonangol Shipping has breached its maritime contract with Agro as set out above.

22. Agro therefore demands judgment, as set out more fully below.

**Count II: Maritime Attachment and Garnishment – Supplemental Rule B**

23. Plaintiff incorporates the above paragraphs as if fully set forth herein.

24. On information and belief, Sonangol Shipping is or will be owed money by each of the Garnishees. Each of the Garnishees operates in this District, has its principal place of business in this District, and has an agent appointed for service of process in this District.

25. Sonangol Shipping cannot be found within this District pursuant to Supplemental Rule B.

26. The Court should therefore issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, attaching all tangible or intangible property or any funds held by any of the Garnishees on behalf of, for the benefit of, and/or for the account of Sonangol Shipping, up to the amount of at least the amount demanded herein to secure Agro's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Original Complaint.

WHEREFORE, Plaintiff prays:

A. That in response to Count I, judgment be entered against Sonangol Shipping in the amount of at least **$10,523,000** as follows:

　　i. $3,723,000 in charter hire through June 18, 2014;

　　ii. plus continuing hire from June 19, 2014 until the Vessel is redelivered to Agro at the contractual rate of $17,000 per day;

2279643-1

        iii. plus contractual interest of $950,000;

        iv. plus costs and expenses of $5,850,000;

        v. plus further damages as may be shown.

B. That in response to Count II, since Sonangol Shipping cannot be found within this District pursuant to Supplemental Rule B, the Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, attaching all tangible or intangible property or any funds held by any of the Garnishees on behalf of, for the benefit of, and/or for the account of Sonangol Shipping, up to the amount of at least the amount demanded herein to secure Agro's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Original Complaint.

C. That the Court award Agro such other and further relief as the Court deems just and proper.

Dated: June 18, 2014.

        Respectfully Submitted,

        /s/ Kevin P. Walters
        Kevin P. Walters
        SBN: 20818000
        Federal ID: 5649
        Dimitri P. Georgantas
        SBN: 07805100
        Federal ID: 2805
        CHAFFE MCCALL LLP
        801 Travis Street, Suite 1910
        Houston, Texas 77002
        Telephone: (713) 546-9800
        Facsimile: (713) 546-9806
        georgantas@chaffe.com
        walters@chaffe.com

        ATTORNEYS FOR PLAINTIFF,
        AGROCOOPERATIVE LTD

OF COUNSEL:

J. Stephen Simms
Marios J. Monopolis
SIMMS SHOWERS LLP
201 International Circle, Suite 250
Hunt Valley, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com

2279643-1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AGROCOOPERATIVE LTD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION _____ |
| vs. | § | |
| | § | IN ADMIRALTY, Rule 9(h) |
| SONANGOL SHIPPING ANGOLA | § | |
| (LUANDA) LIMITADA, *et al.*, | § | |
| | § | |
| Defendant and Garnishees. | § | |

STATE OF TEXAS

COUNTY OF HARRIS

## **VERIFICATION**

BEFORE ME, the undersigned authority, on this day personally appeared Kevin P. Walters, who being duly sworn, deposed and stated as follows:

"I am an attorney for Plaintiff Agrocooperative LTD in connection with the referenced matter. I have read the foregoing Verified Original Complaint and know the contents thereof, and that the same are true to the best of my knowledge, information and belief, based on documentation and information provided to me by Plaintiff. The reason that I make this verification instead of Plaintiff is that Plaintiff does not have an officer or director within this District."

_____
Kevin P. Walters

SUBSCRIBED AND SWORN BEFORE ME this 18th day of June 2014.

SYLVIA L. COOPER
MY COMMISSION EXPIRES
January 4, 2016

_____
Notary Public, State of Texas

2279634-1

3

## **ATTACHMENT A**

| **Garnishee** | **Resident Agent** |
|---|---|
| Sonangol Offshore Services Company<br>1177 Enclave Parkway, Suite 250<br>Houston, Texas 77077 | Gary W. Dugger<br>1177 Enclave Parkway, Suite 250<br>Houston, Texas 77077 |
| Sonangol International Procurement Inc.<br>1401 Enclave Parkway, Suite 125<br>Houston, Texas 77077 | Gary W. Dugger<br>1177 Enclave Parkway, Suite 250<br>Houston, Texas 77077 |