IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AGROCOOPERATIVE LTD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION 14-cv-01707 |
| VS. | § | |
| | § | IN ADMIRALTY, Rule 9(h) |
| SONANGOL SHIPPING ANGOLA | § | |
| (LUANDA) LIMITADA, *et al.*, | § | |
| | § | |
| Defendants and Garnishees. | § | |

**PLAINTIFF'S RESPONSE OPPOSING
GARNISHEES' MOTION TO VACATE AND
MOTION FOR AWARD OF ATTORNEY'S FEES & COSTS**

**I.    Introduction**

Plaintiff Agrocooperative Ltd ("Plaintiff") filed suit against Defendants Sonangol Shipping Angola (Luanda) Limitada ("SSALL") and Sonangol E.P. (collectively, "Defendants") pursuant to Supplemental Rule B.  In accordance with Supplemental Rule B, Plaintiff sought and obtained an Order Directing the Clerk to Issue Process of Maritime Attachment and Garnishment (Doc. 5) ("Order for Writs").  Pursuant to the Order for Writs, the Clerk issued Writs of Attachment and Garnishment (Doc. 15) ("Garnishment Writs") which – along with copies of the Amended Verified Complaint, Order for Writs, and Interrogatories – were served on each Garnishee on September 8, 2014.

Each Garnishee filed an answer to its Garnishment Writ, claiming that it "does not have possession, custody or control of any property or assets" of either Defendant (Docs. 16, 24–29).

On September 9, 2014, Garnishees' jointly filed a Motion to Vacate Order Directing Issuance of Maritime Attachment & Garnishment & Writs Issued Pursuant Thereto & Motion for Award of Attorney's Fees & Costs (Doc. 30) ("Garnishees' Motion").

On September 26, 2014, Garnishees responded to Plaintiff's Interrogatories by objecting to, and refusing to substantively answer, all but one (1) of the Interrogatories. On the same day, counsel for Plaintiff sought to confer with counsel for Garnishees before filing a Motion to Compel. Counsel thereafter spoke by telephone on September 29, 2014, but could not resolve the discovery dispute.

For the reasons stated herein, Garnishees' Motion should be denied as moot. The outstanding discovery dispute, which will be the subject of a forthcoming Motion to Compel, requires denial of Garnishees' Motion with respect to vacatur of the Order for Writs and the Garnishment Writs. In addition, Plaintiff's pursuit of litigation in the Northern, Southern, and Western Districts – and subsequent consolidation in the Southern District – was both reasonable and necessary, and thus requires denial of Garnishees' Motion with respect to attorney's fees and costs.

## II. Argument

### A. Garnishees' Motion to Vacate Should Be Denied Because Discovery is Ongoing.

A garnishee's answer to a writ of garnishment denying that it holds any property of a defendant should not taken at face value. *Maryland Tuna Corp. v. The MS Benares*, 429 F.2d 307, 322, 1970 AMC 1047 (2d Cir. N.Y. 1970).

> [D]enials and other similar assertions in various affidavits should be treated as at the most raising issues to be determined in due course in adversary proceedings on the merits in conformity with the Federal Rules of Civil Procedure and the local rules of the District Court.

*Id.*

Particularly where, as here, Plaintiff's claims are partly based on a fraud theory of corporate veil piercing, the discovery tool authorized by Supplemental Rule B(3)(a) is necessary and proper before there can be a determination as to the validity of the attachment.

> Discovery has not yet been had, and it would defeat the purpose of attachment - preserving defendants' assets in case plaintiff is able to prevail at trial or on summary judgment - to require at this stage that plaintiffs asserting a "valid prima facie maritime claim" prove that the facts in the complaint are true.

*Wajilam Exps. (Singapore) Pte, Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275, 279 (S.D.N.Y. 2006). *See also Japan Line, Ltd. v. Willco Oil, Ltd.*, 424 F. Supp. 1092, 1094 (D. Conn. 1976) ("While attachment is a powerful weapon that should be carefully controlled by the courts, the plaintiff is entitled to discover facts that will either prove the basis for the attachment or compel its quashing."); *Sea-Terminals, Inc. v. Independent Container Line, Ltd.*, 1990 AMC 776 (holding that whether defendant "is a totally separate and unrelated company" from company directly liable to plaintiff should not be decided "until the facts are fully fleshed out after discovery").

Supplemental Rule B(3)(a) clearly contemplates that a plaintiff may obtain limited discovery of a garnishee by way of interrogatories about "debts, credits, or effects of the defendant in the garnishee's hands." Supplemental Rule B(3)(a). In accordance with this Rule and the case law, Plaintiff propounded interrogatories on each Garnishee on September 8, 2014.

On September 16, 2014, counsel for Plaintiff (Mr. Monopolis) telephoned counsel for Garnishees (Mr. Key) to discuss the consolidation and/or dismissal of the related, pending litigation in the Northern and Western Districts. During that telephone call, Plaintiff's Interrogatories were discussed. Plaintiff's counsel indicated a willingness to work with Garnishees' counsel on any interrogatories that Garnishees found objectionable – in advance of Garnishees' answers – including to rewrite or narrow the focus on such interrogatories. In short, Plaintiff's counsel sought to avoid any potential discovery dispute before such a dispute arose.

On September 26, 2014, Garnishees responded to Plaintiff's Interrogatories by objecting to, and refusing to substantively answer, all but one (1) of the Interrogatories. On the same day,

3

counsel for Plaintiff sought to confer with counsel for Garnishees in advance of filing a Motion to Compel. Counsel spoke by telephone on September 29, 2014, but were unable to resolve the Plaintiff's issues with Garnishees' responses to the Interrogatories. Plaintiff therefore intends to file a Motion to Compel this week.

Despite an invitation to discuss, address, and potentially resolve any discovery disputes 10 days before Garnishees responded to Plaintiff's Interrogatories, Garnishees instead decided to stonewall Plaintiff's right to conduct limited discovery, and responded to the Interrogatories by completely objecting to all but one (1). Save for that single Interrogatory response, Garnishees refused to provide any substantive responses to the Interrogatories.

It has become clear that Garnishees' goal is to unnecessarily drag out this litigation. Garnishees' initial answers in the Northern, Southern, and Western Districts suggested the existence of property subject to attachment in the Southern District. *See* II.C., *infra*. When Plaintiff thereafter amended its suit in the Southern District, closed down the litigation in the Northern and Western Districts, and sought discovery as to this property, Garnishees sought to frustrate Plaintiff at every conceivable turn.

Garnishees moved to vacate the Order for Writs and the Garnishment Writs before responding to Plaintiff's Interrogatories. Garnishees' Motion seeks to shift the focus away from the question of whether Garnishees hold property subject to garnishment and instead, attempt to attack Plaintiff's substantive claims – which are not even directed at Garnishees.

When offered the opportunity to address and resolve any potential discovery disputes before responding to Plaintiff's Interrogatories, Garnishees – through their silence – refused. When Garnishees finally responded to Plaintiff's Interrogatories, they objected to, and refused to substantively answer, all but one (1) of the Interrogatories.

Garnishees' evasiveness, protestations, and gamesmanship do not match the claim that Garnishees hold no property of Defendants subject to attachment. To the contrary – it confirms that discovery is absolutely necessary at this stage of the proceedings.

### B. Garnishees' Motion to Vacate Should Be Denied For Lack of Standing.

Garnishees' Motion relies, in part, on Supplemental Rule E(4)(f), which provides *inter alia* as follows:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

The plain text of Supplemental Rule E(4)(f) allows only a party claiming an interest in **attached property** to challenge the basis of a plaintiff's claim and seek vacatur of the attachment. Put another way, only a "person whose property has been attached pursuant to Rule B [can] appear before the district court to contest the attachment" *T&O Shipping, Ltd. v. Source Link Co., Ltd.*, 2007 AMC 224, 227 (S.D.N.Y. 2006).

Here, however, Garnishees unequivocally deny possessing any property belonging to Defendants. If no property has been attached by the Garnishment Writs, as Garnishees claim, then Garnishees have no standing under Supplemental Rule E(4)(f) to move for an order vacating the Order for Writs and the Garnishment Writs.[1] Garnishees offer no legal authority which gives them standing to challenge the Order for Writs and the Garnishment Writs.

Further, it is not clear that Garnishees have standing to challenge allegations in the Amended Verified Complaint that are directed solely at Defendants. Garnishees, who are supposedly disinterested third parties with no stake in the outcome of the underlying litigation,

---

[1] Even if Garnishees did have standing, it would logically be limited to seek an order vacating only those Garnishment Writs issued to Garnishees – not the Order for Writs itself.

offer no authority to support the position that they may challenge factual allegations that are directed at an entirely separate party (Sonangol E.P.).  The fact that Garnishees do so is, at best, curious and certainly warrants the discovery sought by Plaintiff.

### C.  *Garnishees' Motion for Attorney's Fees and Costs Should Be Denied as Baseless.*

Garnishees seek an award of their attorney's fees and costs, arguing that Plaintiff has acted in "bad faith, wantonly, for the purpose of harassing the Sonangol corporate group and attempting to oppress the group" (Doc. 30 at 14).

A prevailing party in litigation is generally not entitled to an award of attorney's fees and costs.  There is a limited exception to this rule,

> "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Galveston Cnty. Navigation Dist. No. 1 v. Hopson Towing Co., Inc.*, 92 F.3d 353, 356 (5th Cir. 1996) (internal quotation marks omitted) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)).

*Graham v. PCL Civ. Constructors, Inc.*, 2013 U.S. Dist. LEXIS 179688, *44–45 (S.D. Tex. Dec. 23, 2013).

Before the exception can be applied, there must first be a determination of the prevailing and losing parties.  Here, no such determination has been made – and it is difficult to see how, under any circumstances, Plaintiff could be seen as the "losing party" and Garnishees the "prevailing party."  There are no substantive claims on which Garnishees have prevailed.

Garnishees contention that Plaintiff has acted in bad faith is spurious and unfounded.

> [T]he focus of the bad faith inquiry is not the actions that precipitated the law suit, but rather the manner in which the litigation itself is carried out. That is, the rule is intended to penalize the litigant who brings to court a frivolous suit or defense, or abuses the process so as to create an inquiry separate from the underlying claim.

*Guidry v. International Union of Operating Engineers, Local 406*, 882 F.2d 929, 944 (5th Cir. 1989) (citing *Shimman v. International Union of Op. Eng., Local 18*, 744 F.2d 1226, 1228-34 (6th Cir. 1984) (en banc), *cert. denied*, 469 U.S. 1215, (1985)). *See also Batson v. Neal Spelce Assoc.*, 805 F.2d 546, 550 (5th Cir. 1986).

Garnishees do not claim that Plaintiff filed a frivolous suit – nor can they, as the substantive claims are not directed at Garnishees. As shown below, Plaintiff has not abused the litigation process; to the contrary, Plaintiff has made every effort to approach this litigation efficiently for all parties involved.

The three original suits brought by Plaintiff – in the Northern, Southern, and Western Districts – were necessitated by Garnishees, whose registered agents span all three districts: Northern (Sonangol U.S.A. Company; Sonangol Marine Services Inc.; and Sonangol Hidrocarbonetos USA Ltd.), Southern (Sonangol Offshore Services Company and Sonangol International Procurement Inc.), and Western (Sonangol Gas Natural Company and Stena Sonangol). The original suits were filed where Garnishees maintained their registered agents.

Garnishees' original answers to the garnishment writs thereafter necessitated the effective consolidation of Plaintiff's amended suit in the Southern District. With the exception of Stena Sonangol, Garnishees' answers in the Northern and Western Districts claimed that:

> Garnishee [] has no property in this District and does not maintain its principal place of business in this District. [Garnishee]'s only relationship with this District is the location of its registered agent for service of process in the State of Texas: []. Garnishee's principal place of business and **most if not all of the property in Garnishee's possession, custody or control is in the Southern District of Texas**, Houston, Texas.

(Emphasis added).

Because Garnishees all but admitted the existence of property subject to attachment in the Southern District, and in order to avoid duplicative litigation, Plaintiff filed its amended

7

complaint only in the Southern District and sought to transfer (and ultimately consolidate) the Northern and Western District cases to the Southern District. After conferring with Garnishees' counsel, Plaintiff and Garnishees jointly moved to dismiss, without prejudice, the Northern and Western District cases.

Plaintiff has at all times acted with judicial economy in mind. When it became clear that Garnishees had no real connection to the Northern and Western Districts – other than their registered agents – Plaintiff proceeded only in the Southern District and sought to close down the litigation in the Northern and Western Districts.

As set forth in Section II.A., *supra*, Garnishees bear responsibility for any duplicative or unnecessary litigation here. At every opportunity, Garnishees have been evasive and uncooperative. Now, Garnishees seek to blame Plaintiff for proceedings in a manner necessitated by Garnishees' conduct and answers.

### *D. Garnishees' Motion Should Be Stricken for Failure to Comply with Local Rules.*

Local Rule 7.1 requires that the moving party confer with opposing counsel before filing a motion, unless that motion is brought under Fed. R. Civ. P. 12(b), (c), (e) or (f) or 56. LR7.1.D. Local Rule 11.4 provides that "[a] paper that does not conform to the local or federal rules … may be struck on the motion of a party or by the Court." Garnishees' Motion does not contain the averment required by LR7.1.D. At no time prior to filing did Garnishees even attempt to confer with Plaintiff, let alone actually confer and attempt to reach some agreement.

### III. Conclusion

For the reasons stated above, Plaintiff requests that the Court deny Garnishees' Motion to Vacate Order Directing Issuance of Maritime Attachment & Garnishment & Writs Issued Pursuant Thereto & Motion for Award of Attorney's Fees & Costs.

Dated: September 30, 2014.

Respectfully Submitted,

| | |
|---|---|
| Dimitri P. Georgantas | /s/ J. Stephen Simms |
| SBN: 07805100, FBN: 2805 | J. Stephen Simms, *pro hac vice* |
| Kevin P. Walters | Marios J. Monopolis, *pro hac vice* |
| SBN: 20818000, FBN: 5649 | Simms Showers LLP |
| Chaffe McCall LLP | 201 International Circle, Suite 250 |
| 801 Travis Street, Suite 1910 | Hunt Valley, Maryland 21030 |
| Houston, Texas 77002 | Telephone: (410) 783-5795 |
| Telephone: (713) 546-9800 | Facsimile: (410) 510-1789 |
| Facsimile: (713) 546-9806 | jssimms@simmsshowers.com |
| georgantas@chaffe.com | mjmonopolis@simmsshowers.com |
| walters@chaffe.com | |

Attorneys for Agrocooperative LTD

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September, 2014, a true and complete copy of the foregoing document was served via the Court's CM/ECF's system for service on all counsel of record.

/s/ J. Stephen Simms

9