## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| AGROCOOPERATIVE LTD, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> SONANGOL SHIPPING ANGOLA § <br> (LUANDA) LIMITADA, *et al.*, § <br> § <br> § <br> Defendants and Garnishees. § | CIVIL ACTION 14-cv-01707 <br><br> IN ADMIRALTY, Rule 9(h) |

**PLAINTIFF'S MOTION TO COMPEL
GARNISHEES' RESPONSES TO
<u>PLAINTIFF'S INTERROGATORIES</u>**

Plaintiff Agrocooperative Ltd ("Plaintiff") files this Motion to Compel Garnishees' Response to Plaintiff's Interrogatories and seeks an Order compelling each Garnishee to provide full and candid responses – without objection – to certain Interrogatories.

## <u>TABLE OF CONTENTS</u>

I. Introduction  3

II. Argument  3

    A. *Supplemental Rule B's Notion of "Property" is Expansive*  3

    B. *The Discovery Rules Are Equally Expansive and Permissive*  4

    C. *Boilerplate Objections to Discovery Requests are Improper*  6

    D. *Garnishees Have Custody, Possession, and/or Control of Defendants' Property*  8

    E. *The Interrogatories Seek Relevant Information Concerning Defendants' Property*  9

III. Conclusion  13

# TABLE OF AUTHORITIES

**Statutes / Rules**

Fed. R. Civ. P. 33                                                                                          5

Supp. Admiralty R. A                                                                                        5

Supp. Admiralty R. B                                                                                  3, 4, 5

**Cases**

*Alonso v. Agrigenetics, Inc.*,                                                                             7
2004 U.S. Dist. LEXIS 23600 (S.D. Tex. Nov. 18, 2004)

*Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*,                                                       6, 7
258 F.R.D. 149 (S.D. Tex. 2009)

*Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*,                                 3, 4
2013 U.S. Dist. LEXIS 119792 (S.D. Tex. Aug. 22, 2013)

*Munoz v. State Farm Lloyds*,                                                                               7
2008 U.S. Dist. LEXIS 121907 (S.D. Tex. Sept. 25, 2008)

*Nieman v. Hale*,                                                                                           5
2013 U.S. Dist. LEXIS 180397 (N.D. Tex. Dec. 26, 2013)

*Nieman v. Hale*,                                                                                           6
2014 U.S. Dist. LEXIS 107673 (N.D. Tex. Aug. 6, 2014)

*Oppenheimer Fund v. Sanders*,                                                                           5, 6
437 U.S. 340, 98 S.Ct. 2380 (U.S. 1978)

*Rangel v. Mascorro*,                                                                                       6
274 F.R.D. 585 (S.D. Tex. 2011)

*Satra Metallurgical v. Delmar Int'l, S.A.*,                                                               12
1994 U.S. Dist. LEXIS 15148 (E.D. La. Oct. 18, 1994)

*Wellogix, Inc. v. Accenture, LLP*,                                                                         5
2011 U.S. Dist. LEXIS 41176 (S.D. Tex. Apr. 15, 2011)

*World Fuel Servs. v. SE Shipping Lines PTE, Ltd.*,                                                         4
2011 U.S. Dist. LEXIS 14071 (E.D. La. Feb. 4, 2011)

I.  **Introduction**

Plaintiff Agrocooperative Ltd ("Plaintiff") served Interrogatories upon each named Garnishee on September 8, 2014 in accordance with Supplemental Rule B(3)(a). On September 26, 2014, Garnishees "responded" by objecting and refusing to answer all but one (1) of Plaintiff's Interrogatories. The Interrogatories are identical as to all Garnishees, as are Garnishees "responses." For the sake of judicial economy, Plaintiff submits this single Motion to Compel as to all Garnishees.

Under the broad and expansive treatment given to discovery rules, Plaintiff is entitled to candid and truthful responses to its Interrogatories. Garnishees' objections are alternatively without merit, without legal basis, and patently improper as mere boilerplate. The intensity of Garnishees' objections and the effort expended to avoid responding to Plaintiff's discovery requests suggests that they have good reason not to want to supply full and accurate answers.

For the reasons stated herein, Plaintiff's Motion to Compel should be granted and Garnishees should be ordered to provide full and candid responses to Plaintiff's Interrogatories.

II. **Argument**

   A. *Supplemental Rule B's Notion of "Property" is Expansive*

The plain text of Supplemental Rule B permits attachment of a defendant's "tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process." Supp. Admiralty R. B(1)(a). The Rule provides only three limitations: (1) the property must be "personal property;" (2) the attachment may only be "up to the amount sued for;" and (3) the property must be "in the hands of garnishees." *Id.* Supplemental Rule B

> **does not require** that a defendant have a particular type of interest in the property at issue; rather, its text is broadly worded, stating simply that a plaintiff may "attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hand of garnishees." Supp. Admiralty R. B(1)(a).

*Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*, 2013 U.S. Dist. LEXIS 119792, *5 (S.D. Tex. Aug. 22, 2013) (emphasis added); *accord World Fuel Servs. v. SE Shipping Lines PTE, Ltd.*, 2011 U.S. Dist. LEXIS 14071, *5 (E.D. La. Feb. 4, 2011) ("Rule B does not identify the specific legal interest in the property that a defendant must have before it is subject to seizure.").

**Any** legal interest in any property "in the hands of garnishees" is therefore subject to attachment under Supplemental Rule B.

### B. *The Discovery Rules Are Equally Expansive and Permissive*

Discovery of garnishees – through interrogatories – is permitted under Supplemental Rule B: "The garnishee shall serve an answer, together with answers to any interrogatories served with the complaint, within 21 days after service of process upon the garnishee. Interrogatories to the garnishee may be served with the complaint without leave of court." Supp. Admiralty R. B(3)(a).

The timing element of Supplemental Rule B(3)(a) indicates that a garnishee may not simply answer the process in the negative and then refuse to answer interrogatories on the basis that it has disclaimed holding any property of a defendant. The Rule requires that interrogatories must be served with the complaint and that a garnishee must answer both the process and any interrogatories together within 21 days.

The text of Supplemental Rule B provides no independent guidance or context with respect to the interrogatories permitted by the Rule, except to provide for compulsory process against any garnishee that refuses to answer "any interrogatories concerning such debts, credits,

4

and effects that may be propounded by the plaintiff." Supp. Admiralty R. B(3)(a).[1] It is logical, then, to refer to the Federal Rules of Civil Procedure governing discovery and interrogatories for guidance – particularly because those Rules are also applicable to admiralty and maritime proceedings "except to the extent that they are inconsistent with [the] Supplemental Rules." Supp. Admiralty R. A(2).

Interrogatories are governed by Rule 33 and have an expansive scope: "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

> Fed. R. Civ. P. 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The United States Supreme Court has recognized that **the discovery rules "are to be accorded a broad and liberal treatment**." *Hickman v. Taylor*, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947). **The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable**. *See McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

*Nieman v. Hale*, 2013 U.S. Dist. LEXIS 180397, *3 (N.D. Tex. Dec. 26, 2013) (emphasis added).

The notion of relevance is equally broad: "The threshold for relevance in discovery matters is **extremely low**. So long as discovery is 'reasonably calculated to lead to the discovery of admissible evidence,' it is relevant. Fed. R. Civ. P. 26(b)(1)." *Wellogix, Inc. v. Accenture, LLP*, 2011 U.S. Dist. LEXIS 41176, *16 (S.D. Tex. Apr. 15, 2011) (emphasis added).

Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

---

[1] This text does not support Garnishees' fantastic interpretive leap that Supplemental Rule B interrogatories are limited to only the "debts, credits, and effects" of a defendant. If Congress intended such a limitation, it could certainly have drafted the text of the Rule to so provide.

*Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (U.S. 1978). Any uncertainty is resolved in favor of relevance:

> where relevance is in doubt, [Rule 26(b)(1)] indicates that the court should be permissive in allowing discovery. Put simply, [a] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party.

*Rangel v. Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (internal citations and quotations omitted).

Under these exceptionally broad and liberally construed standards, and as specifically shown below, Plaintiff's Interrogatories are proper and seek relevant information from Garnishees about property in which Defendants may have an interest.

### C. Boilerplate Objections to Discovery Requests are Improper

"A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive **by submitting affidavits or offering evidence** revealing the nature of the burden." *Nieman v. Hale*, 2014 U.S. Dist. LEXIS 107673, *3 (N.D. Tex. Aug. 6, 2014) (emphasis added) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005)).

It is patently improper to offer boilerplate, generic objections to discovery requests. Instead, the party opposing discovery must offer specific and detailed support for its objections.

> "[B]oilerplate objections are not acceptable"; "specific objections are required in responding to a Rule 34 request." Frontier-Kemper, 246 F.R.D. at 528, citing Rule 33(b)(4)'s requirement that an objection be "stated with specificity." The Fifth Circuit requires that "the '**party resisting discovery 'must show specifically how . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive.**'" *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)(holding that objections to document requests on the ground that they were "overly broad, burdensome, oppressive, and irrelevant" were insufficient) (citations omitted); *S.E.C. v. Brady*, 238 F.R.D. 429, 436. (N.D. Tex. 2006)("The burden is on the 'party who opposes its opponent's request for production to 'show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive."). "In order to satisfy its burden, **the objecting party must make a specific, detailed showing**

> **of how a request is burdensome**. . . . A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection. . . . **Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request**. . . . 'A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.' [citations omitted]" *Brady*, 238 F.R.D. at 437.

*Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) (emphasis added).

> Objections **must explain** why the interrogatories are improper, by explaining how each request is not relevant or is overly broad, vague, or unduly burdensome. *See Benbow*, 2003 U.S. Dist. LEXIS 17936, 2003 WL 22326516, at *6; *Schaap*, 130 F.R.D. at 387; *Roesberg*, 85 F.R.D. at 296-97. Courts have no duty to sift through the interrogatories to determine whether or not each one would provide a useful response. *See Schaap*, 130 F.R.D. at 388; *Roesberg*, 85 F.R.D. at 297. Furthermore, the fact that the responding party will spend a significant amount of time, effort, or expense answering the requests is an insufficient ground for objecting to them. *See Roesberg*, 85 F.R.D. at 297; *Schaap*, 130 F.R.D. at 387. Finally, "**[g]eneral objections without specific support may result in waiver of the objections.**" *Id.*; *see Harding*, 914 F. Supp. at 1102.

*Munoz v. State Farm Lloyds*, 2008 U.S. Dist. LEXIS 121907, *6–7 (S.D. Tex. Sept. 25, 2008) (emphasis added).

> An objection to an interrogatory or request for production must be specific. Simply stating an objection theory Is Insufficient [sic]. *Wagner v. Dryvit sys. Inc.*, 208 F.R.D. 606, 610 (D.Neb. 2001). Furthermore, objections must be accompanied by affidavits or other evidence revealing the nature of why the discovery Is [sic] objectionable. *Id.*

*Alonso v. Agrigenetics, Inc.*, 2004 U.S. Dist. LEXIS 23600, *6 (S.D. Tex. Nov. 18, 2004).

Garnishees' general objections to Plaintiff's Interrogatories lack substance, support, or anything resembling reasoning. The objections to all but two (2) of the Interrogatories challenge the request's relevance and generically protest that, "[f]or the reasons stated above this interrogatory is overbroad and unduly burdensome, seeks information that is beyond the scope of the parties' claims or defenses, and is not relevant to the claims or defenses of any party."

Garnishees' objections are improper and impermissible under the standards of this Court and of the Fifth Circuit, and as a result, should be deemed waived under *Munoz*, *supra*. Additionally, as shown below, the Interrogatories are not overbroad or unduly burdensome and seek information that is directly relevant to Plaintiff's claims.

### D. *Garnishees Have Custody, Possession, and/or Control of Defendants' Property*

Four of the seven Garnishees are either primary or secondary subsidiaries of Defendant Sonangol E.P.:

- Sonangol U.S.A. Company is a subsidiary of Defendant Sonangol E.P. (http://www.sonangol-usa.com/);

- Sonangol Marine Services Inc. is a subsidiary of Sonangol Shipping Holding Ltd. (http://www.sonangol-usa.com/index.php/2010/04/new-subsidiary-sonangol-shipping-holding-ltd/), which is a subsidiary of Defendant Sonangol E.P. (http://www.sonangol.co.ao/English/GroupSonangol/Subsidiaries/Pages/Subsidiaries.aspx); and

- Sonangol Hidrocarbonetos USA Ltd. and Sonangol Gas Natural Company are subsidiaries of Defendant Sonangol E.P. (http://www.sonangol.co.ao/English/GroupSonangol/Subsidiaries/Pages/Subsidiaries.aspx);

The very definition of subsidiary is a company which is "owned or controlled by another company." *See* http://www.merriam-webster.com/dictionary/subsidiary. A press release issued in part by Sonangol E.P. states unequivocally that "[t]he Sonangol shipping companies are all **wholly-owned subsidiaries** to … Sonangol E.P." *See* Exhibit A hereto (emphasis added).

By definition – and with only the slightest amount of common sense – Garnishees do, in fact, have custody, possession, and/or control over property in which Defendant Sonangol E.P. has an interest. First, Garnishees themselves are that property. Second, any tangible or intangible property which Garnishees own – including, for example, office furniture, computers,

8

telephones, bank accounts, accounts receivable – is also property in which Defendant E.P. has an interest.

Another Garnishee (Stena Sonangol) is a joint venture between Defendant Sonangol E.P. and Stena Bulk. *See* http://www.stenasonangol.com/. It would be inconceivable for a joint venture not to have some property (such as profits) belonging to one of the joint venturers.

Garnishee Sonangol International Procurement Inc. has apparently merged into Garnishee Sonangol Offshore Services Company. Garnishee Sonangol Offshore Services Company shares the same office address (1177 Enclave Parkway, Suite 250, Houston, TX 77077, also known as the Sonangol USA building) with the remaining Garnishees (Sonangol Marine Services Inc., Sonangol U.S.A. Company, Sonangol Hidrocarbonetos USA Ltd., and Stena Sonangol). Garnishee Sonangol Offshore Services Company also shares the same office address and telephone number with Dugger & Associates, counsel for all Garnishees **and** Defendant Sonangol E.P. It is hardly a stretch to believe that, as with the other Garnishees, Sonangol Offshore Services Company is also some type of subsidiary of Defendant Sonangol E.P.

### *E. The Interrogatories Seek Relevant Information Concerning Defendants' Property*

Without waiving any right to seek further discovery at a later time, and without admitting the propriety of Garnishees' objections, Plaintiff will – for purposes of the instant Motion to Compel – withdraw Interrogatory Nos. 2, 4, 5, 7, 8, 10, 11, 12, 13, and 14. Plaintiff moves to compel Garnishees' full and candid responses to Interrogatory Nos. 1, 3, 6, and 9.

> **INTERROGATORY NO. 1. Identify the corporate structure of SONANGOL U.S.A. COMPANY, including, but not limited to, (a) its directors, officers, managers, and/or shareholders; (b) its hierarchical employee structure; and (c) its relationship to all parent companies, subsidiaries, and related corporations.**
>
> OBJECTION:
> Supplemental Rule B(3)(a) requires Garnishee "to answer on oath as to the debts, credits, or effects of the defendant in the garnishee's hands, or any interrogatories concerning

such debts, credits, and effects that may be propounded by the plaintiff." This interrogatory does not concern such alleged debts, credits and effects and is beyond the scope of discovery in this garnishment proceeding.

For the reasons stated above this interrogatory is overbroad and unduly burdensome, seeks information that is beyond the scope of the parties' claims or defenses, and is not relevant to the claims or defenses of any party.

*Argument*

Interrogatory No. 1 seeks information about property in which Defendants may have any interest (as permitted by Supplemental Rule B) – to wit, information about Defendants' interest in the Garnishee to which the Interrogatory is directed. At its core, Interrogatory No. 1 seeks to determine the type of interest – including, but not limited to, an ownership or controlling interest – Defendants hold in each Garnishee. The discovery is specific and limited to easily-obtainable information in Garnishees' hands and presents no burden whatsoever to any Garnishee.

**INTERROGATORY NO. 3. Identify each shareholder of SONANGOL U.S.A. COMPANY, including the number and percentage of shares held by each.**

OBJECTION:
Supplemental Rule B(3)(a) requires Garnishee "to answer on oath as to the debts, credits, or effects of the defendant in the garnishee's hands, or any interrogatories concerning such debts, credits, and effects that may be propounded by the plaintiff." This interrogatory does not concern such alleged debts, credits and effects and is beyond the scope of discovery in this garnishment proceeding.

The information sought in this interrogatory is duplicative of the information sought in Interrogatory 1.

For the reasons stated above this interrogatory is overbroad and unduly burdensome, seeks information that is beyond the scope of the parties' claims or defenses, and is not relevant to the claims or defenses of any party.

*Argument*

For the reasons articulated with respect to Interrogatory No. 1, *supra*, Interrogatory No. 3 is relevant. It is not duplicative of Interrogatory No. 1 in that it seeks specific, detailed

10

information about each shareholder – to wit, the number and percentage of shares held by each shareholder.

>  **INTERROGATORY NO. 6. Identify all payments, transfers, and/or credits made from SONANGOL U.S.A. COMPANY to Sonangol E.P. and/or from Sonangol E.P. to SONANGOL U.S.A. COMPANY, and provide support therefor, including, but not limited to, tax returns and financial statements.**

OBJECTION:
For the reasons stated in Garnishee's Motion to Vacate filed in this case [Doc. 30] Agrocooperative Ltd. has not stated a *prima facie* claim for alter ego liability against Sonangol E.P. Sonangol E.P. is not a proper defendant in this garnishment action, and any interrogatories seeking information concerning Sonangol E.P. or its assets is beyond the scope of discovery in this garnishment proceeding.

Along with these Interrogatories Garnishee was served with the Processes of Maritime Attachment and Garnishment issued by the Deputy Clerk on August 12, 2014, which acknowledged the addition of Sonangol E.P. as a defendant and ordered Garnishee to answer and issue a report listing all debts owed to Defendants, including Sonangol E.P., and all property held belonging to Sonangol E.P. [Doc. 15]. However the Order issued by the Court on June 20, 2014and served on Garnishee does not authorize the Clerk to issue writs seeking assets of Sonangol E.P.; Sonangol Shipping Angola (Luanda) Lda. is the only defendant identified in that Order. [Doc. 5]. The Court has never made a finding that the conditions of Rule B appear to exist against Sonangol E.P. nor has it authorized garnishment of Sonangol E.P.'s assets. Accordingly interrogatories concerning Sonangol E.P. or its assets is beyond the scope of discovery in this garnishment proceeding.

This interrogatory is overbroad and unduly burdensome, seeks information that is beyond the scope of the parties' claims or defenses, and is not relevant to the claims or defenses of any party, specifically because this interrogatory seeks information regarding all payments, transfers and/or credits to or from Sonangol E.P. without any limitations on the scope of time this interrogatory applies to, and is not limited in scope to payments and transfers from Sonangol E.P. to Garnishee or credits held by Garnishee over Sonangol E.P.

This interrogatory seeks pre-judgment discovery of a defendant's assets, and seeks discovery of assets outside of the district where this action is pending and the United States, and therefore is beyond the scope of discovery in this garnishment proceeding.

This interrogatory includes a request for production of documents which is not a permissible form of discovery under Supplemental Rule B.

*Argument*

Garnishees have no standing to raise what is effectively a Rule 12(b)(6) argument as an objection to Plaintiff's Interrogatories.[2] Nor do Garnishees have any basis to challenge the propriety of the Garnishment Writs issued, having already answered those Garnishment Writs without objection (*see* Docs. 16, 24–29). Sonangol E.P. is a named defendant in this action, and the Garnishment Writs (Doc. 15) were properly issued by the Clerk.

Furthermore, the very purpose of Supplemental Rule B is to secure prejudgment attachment of a defendant's property. *Satra Metallurgical v. Delmar Int'l, S.A.*, 1994 U.S. Dist. LEXIS 15148, *2 (E.D. La. Oct. 18, 1994). The obvious purpose of Supplemental Rule B interrogatories about a defendant's property is therefore to obtain prejudgment discovery of a defendant's assets.

Interrogatory No. 6 does not seek discovery of assets outside this District or the United States – Garnishees are physically located in this District, and information about payments made to or from Garnishees certainly concerns property located in this District.

Plaintiff withdraws the request for documents.

**INTERROGATORY NO. 9. Identify all known parent, subsidiary, and/or related corporations of Sonangaol E.P. and for each such parent, subsidiary, and/or related corporation, identify its relationship to SONANGOL U.S.A. COMPANY.**

OBJECTION:
Supplemental Rule B(3)(a) requires Garnishee "to answer on oath as to the debts, credits, or effects of the defendant in the garnishee's hands, or any interrogatories concerning such debts, credits, and effects that may be propounded by the plaintiff." This interrogatory does not concern such alleged debts, credits and effects and is beyond the scope of discovery in this garnishment proceeding.

For the reasons stated in Garnishee's Motion to Vacate filed in this case [Doc. 30] Agrocooperative Ltd. has not stated a *prima facie* claim for alter ego liability against Sonangol E.P. Sonangol E.P. is not a proper defendant in this garnishment action, and

---

[2] Curiously, Defendant Sonangol E.P. has chosen not to challenge the allegations made against it in its Motion to Dismiss (Doc. 36).

any interrogatories seeking information concerning Sonangol E.P. or its assets is beyond the scope of discovery in this garnishment proceeding.

Along with these Interrogatories Garnishee was served with the Processes of Maritime Attachment and Garnishment issued by the Deputy Clerk on August 12, 2014, which acknowledged the addition of Sonangol E.P. as a defendant and ordered Garnishee to answer and issue a report listing all debts owed to Defendants, including Sonangol E.P., and all property held belonging to Sonangol E.P. [Doc. 15]. However the Order issued by the Court on June 20,2014 and served on Garnishee does not authorize the Clerk to issue writs seeking assets of Sonangol E.P.; Sonangol Shipping Angola (Luanda) Lda. is the only defendant identified in that Order. [Doc. 5]. The Court has never made a finding that the conditions of Rule B appear to exist against Sonangol E.P. nor has it authorized garnishment of Sonangol E.P.'s assets. Accordingly interrogatories concerning Sonangol E.P. or its assets is beyond the scope of discovery in this garnishment proceeding.

For the reasons stated above this interrogatory is overbroad and unduly burdensome, seeks information that is beyond the scope of the parties' claims or defenses, and is not relevant to the claims or defenses of any party.

*Argument*

Garnishees have no standing to raise what is effectively a Rule 12(b)(6) argument as an objection to Plaintiff's Interrogatories. Nor do Garnishees have any basis to challenge the propriety of the Garnishment Writs issued, having already answered those Garnishment Writs without objection (*see* Docs. 16, 24–29). Sonangol E.P. is a named defendant in this action, and the Garnishment Writs (Doc. 15) were properly issued by the Clerk.

Interrogatory No. 9 seeks relevant information in Garnishees' hands – to wit, information about Defendant Sonangol E.P's assets and property. The discovery request is specific and seeks information which is, or should be, readily available to Garnishees with a minimum time investment.

### III. Conclusion

For the reasons stated above, Plaintiff requests that the Court grant the instant Motion to Compel and enter an Order requiring each Garnishee to answer fully, candidly, and without further improper objection Interrogatory Nos. 1, 3, 6, and 9. Garnishees objections have no basis

in law, are improper, and should be deemed waived. Under the broad notions of Supplemental Rule B "property," the low threshold of relevance for discovery requests, and the fact that Garnishees by definition have property in which Defendants have an interest, Plaintiff is entitled to the discovery it has sought.

Dated: October 23, 2014.

Respectfully Submitted,

| | |
|---|---|
| Dimitri P. Georgantas | /s/ Marios J. Monopolis |
| SBN: 07805100, FBN: 2805 | J. Stephen Simms, *pro hac vice* |
| Kevin P. Walters | Marios J. Monopolis, *pro hac vice* |
| SBN: 20818000, FBN: 5649 | Simms Showers LLP |
| Chaffe McCall LLP | 201 International Circle, Suite 250 |
| 801 Travis Street, Suite 1910 | Hunt Valley, Maryland 21030 |
| Houston, Texas 77002 | Telephone: (410) 783-5795 |
| Telephone: (713) 546-9800 | Facsimile: (410) 510-1789 |
| Facsimile: (713) 546-9806 | jssimms@simmsshowers.com |
| georgantas@chaffe.com | mjmonopolis@simmsshowers.com |
| walters@chaffe.com | |

Attorneys for Agrocooperative LTD

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY, pursuant to LR7.1.D, that I have conferred with counsel for Garnishees (Matthew A. Key) on at least two occasions concerning the instant Motion to Compel and that we could not reach agreement as to the disposition of the motion.

/s/ Marios J. Monopolis

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of October, 2014, a true and complete copy of the foregoing document was served via the Court's CM/ECF's system for service on all counsel of record.

/s/ Marios J. Monopolis